FILED
2022 MAR 25 PM 4:11
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| JOHN ERNEST DADE,<br><br>Plaintiff,<br><br>v.<br><br>AUSA PETERS, et al.,<br><br>Defendants. | **CASE REVIEW ORDER**<br>Case No. 2:22-mc-00213 |

On March 16, 2022, the Clerk's Office for the U.S. District Court for the District of Utah received documents that John Ernest Dade sent on March 8, 2022 which he proposes be filed in this court. This court has reviewed the submitted materials and has determined that the documents cannot be accepted for filing for the reasons discussed below.

### BACKGROUND

On January 22, 2022, Mr. Dade mailed certain documents to this court, including a document in an as-yet-unfiled case he captions "John Ernest Dade, Movant v. AUSA James Peters (Idaho), FBI Agent E. Lehorl, Utah, et al. Respondent." That document is styled *Motion for Judicial Review and Inquiry into Jurisdictional Challenges and Questions Under the Fourth Amendment, Article III Standing, 18 USC § 7, FRE § 1101, Domestic Rel[ ]ations Etc.,* [case citations omitted], *Jurisdictional Challenges Can be Raised at Anytime, even After Disposition of the Case* [case citation omitted]. In the document, Dade explains that in January 2002, FBI agents in Utah conducted a search of his Utah home pursuant to an unsigned search warrant affidavit as part of a scheme between an Idaho-based U.S. Attorney and an FBI Agent. Mr. Dade argues the

1

unsigned warrant affidavit was unlawful, must be struck, and mandates a "reversal"—apparently of his criminal conviction(s) in Idaho. Later in the filing, he also notes that in a criminal case he defended in Idaho, a "suppression hearing was held," where it was "ruled that the seizure of items from Dade's truck was incidental to a valid arrest." Mr. Dade in his January 22, 2022 document disputes that there could have been a valid arrest or seizure of any items. It bears noting that there appears to be no prior case in the District of Utah where Mr. Dade is a party, including any criminal case against him.

On February 25, 2022, the Clerk's Office in this District sent Mr. Dade a letter, and returned certain documents to him that could not be accepted for filing. The Clerk's letter explained the documents were returned for the following reasons:

1. The documents appeared to be a "possible complaint that is not in the proper format." The Clerk's Office sent a packet to Mr. Dade with help for filing proper documents.

2. The $402.00 filing fee was not included, nor was there submitted "an Application to Proceed Without Prepayment of Fees." The Clerk's Office sent a copy of the Application to Mr. Dade.

3. There was no requisite original signature on at least one copy of the documents.

On March 8, 2022, Mr. Dade again mailed documents to this court which were received on or about March 16, 2022. These documents are:

1. A letter from Mr. Dade dated March 8, 2022. In it, Mr. Dade states "This is a continuation of a criminal case" that began when an AUSA in Idaho instructed a Utah FBI Agent to create a "fake Search Warrant Affidavit." Mr. Dade explains it would "be a waste of [t]ime and precious resources to [f]ile 'A CIVIL SUIT' [a]gainst AUSA Peters," as he "has sovereign [i]mmunity. . . ." Thus, he requests that a judge issue a "Simple

Order" concerning the alleged infirm warrant affidavit and that "[b]ecause [t]his is a [c]ontinuation in a Criminal Case [t]hat [s]tarted in this Court . . . there should not be any filing fees."

2. A copy of the February 25 letter from the Clerk's Office.

3. The prior attempted filing/*Motion for Judicial Review*.

4. A single page possibly showing the final page of an unsigned search warrant affidavit from January 2002.

5. A single page excerpted from a filing in a civil case in the District of Idaho (4:09-cv-00512-BLW).

6. A single page apparently excerpted from a dissenting opinion from Judge Berzon of the Ninth Circuit Court of Appeals apparently concerning Mr. Dade's imprisonment during the COVID-19 epidemic.

7. A document possibly showing a citation to Mr. Dade for Domestic Violence-Violation of a Protective Order issued in Idaho State court.

8. A single page from a possible docket sheet from a case involving Mr. Dade, and

9. A *Motion for Appointment of Counsel* Mr. Dade filed "under 18 USC 3006A(c)" signed on March 8, 2022. In it, Mr. Dade notes he has "previously been appointed counsel in this criminal case USDC-ID/CR01-196-BLW," and that he "does not believe a filing fee is due in a continuation of a criminal case," as "previous CJA appointment proves Dade is a pauper."

## DISCUSSION

The court is unable to file the documents from Mr. Dade to instigate a civil action for the following reasons:

1.  Mr. Dade's letter is not in the form of a Complaint. In fact, he states in the letter that it would be a waste of time to file a civil suit, and that the issues he raises are "a continuation of a criminal case." Mr. Dade has already been sent a pro se filing packet.

2.  Mr. Dade has not provided a filing fee or a completed Application to Proceed without Payment of Fees. He has already been sent a copy of the Application. A passing contention in his Motion for Appointment of Counsel that his "previous CJA appointment proves Dade is a pauper" is insufficient. Rule 24, Federal Rules of Appellate Procedure permits parties under some circumstances to "proceed *on appeal* in forma pauperis without further authorization" when provided counsel in a criminal case—unless, for instance, the appeal is found not to have been taken in good faith.[1] In this non-appellate filing, Mr. Dade must complete an Application to Proceed without Payment of Fees. If he is incarcerated, he must also comply with 28 U.S.C. § 1915(a)(2) and Local Rule 3-2, which additionally require submission of a certified copy of his trust fund account statement (or institutional equivalent) obtained from the appropriate prison official(s) for the prior 6-month period immediately preceding the filing of the complaint and written consent authorizing the appropriate prison official to collect fees and submit payments to the Clerk of Court if the motion is granted.[2]

---

[1] Fed. R. App. P. 24(3)(A) (emphasis added).
[2] If the motion is granted, the court will send a written consent form to the incarcerated party to sign and return to the court.

If the motion is granted and a complaint allowed to be filed, the court will assess and, when funds exist, collect an initial partial filing fee of 20% of the greater of: (i) the average monthly deposits to the account during the six-month period preceding the filing of the action; or the average monthly balance in the account for the six-month period preceding the filing of the action. (C) Monthly Payments. After the initial partial filing fee is paid, the incarcerated party must make monthly payments of 20% of the preceding month's income credited to the account but only if the account balance exceeds $10.

3. If Mr. Dade believes the issues he presents are merely a continuation of a criminal case filed against, thus somehow exempting him from filing and fee requirements, this is the incorrect court in which to pursue them. There appears to be no prior criminal (or civil) case in this District in which Mr. Dade was a party. From the documents he provides, criminal case(s) against him and possibly related civil case(s) brought by him were pursued and resolved in Idaho. There is no case in this district where charges were brought against him, or to which he is otherwise a party, in which to "continue" to raise these issues.[3]

4. Mr. Dade's Motion for Appointment of Counsel filed pursuant to 18 U.S.C. § 3006A(c) is denied, as that statute provides no basis to appoint counsel in this putative proceeding. That statute provides in relevant part: "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." Mr. Dade may or may not be entitled to the appointment of counsel in proceedings where an appointment has been previously made—

---

[3] A search warrant for property Dade may have owned was sought and/or issued in this District, but there appears to have been no criminal action brought against him or prior civil action filed by him in this District.

presumably in his criminal case(s) in Idaho.  There is no such "proceeding" in this district against Mr. Dade, including one where he has been appointed counsel.

Date: March 25, 2022

                                                Chief District Judge